IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Rainey Ronell,  )<br>  )<br>　　　　　　　Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>Officer Mr. J. Brown; Associate Warden Fred  )<br>B. Thompson; Warden Mr. McCabe; Major  )<br>Mr. Thierry Nettles; Captain William  )<br>Brightharp; Investigator Mr. Meru Powell,  )<br>  )<br>　　　　　　　Defendants.  )<br>_____  ) | C/A No. 0:12-2056-DCN-PJG<br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Timothy Rainey Ronell ("Plaintiff"), a self-represented state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the plaintiff's motions. (ECF Nos. 17 & 35.) In his motions, the plaintiff appears to seek that the court order individuals at Perry Correctional Institution to make law books available to him during weekend hours or that he be given access to the prison law library, and that the court order individuals at Perry Correctional Institution to locate his legal box, not charge him for supplies, and not to interfere with his legal work. Because some of the relief Ronell appears to seek is injunctive in nature, the court will treat these motions as seeking a preliminary injunction.

Ronell appears to seek injunctive relief from the various individuals at Perry Correctional Institution; however, none of these individuals are parties to this action. See Fed. R. Civ. P. 65(a). Accordingly, the court recommends that the plaintiff's motions (ECF No. 17 & 35) be denied.

                                                                                              _____

December 20, 2012                                                  Paige J. Gossett
Columbia, South Carolina                              UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).